**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOYCE GREEN, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 12-cv-8079 |
| vs. | ) ) | The Honorable Joan B. Gottschall |
| U.S. CASH ADVANCE ILLINOIS, LLC, d/b/a THE LOAN MACHINE, and TITLE LOAN COMPANY d/b/a THE LOAN MACHINE, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL
BILATERAL ARBITRATION AND TO STAY PROCEEDINGS**

In their motion, Defendants ask this court to do three things: (1) to compel arbitration; (2) to stay proceedings; and (3) to rule on the propriety of class arbitration. Given the Seventh Circuit's opinion, the Court must grant Defendants' first two requests. But given the binding Seventh Circuit case law on the issue set forth below, the Court must refrain from addressing Defendants' third request, which is a question for an arbitrator.

In addition, the matter of appointing an arbitrator for the claim brought here by Joyce Green is now before this Court. With the approval of this Court, Plaintiff Green proposes to submit a list of five to ten arbitrators with reputations for honesty and integrity.

**I.    The question of whether class arbitration is appropriate must be decided by the arbitrator.**

As Defendants concede in their brief, the question of whether class arbitration is allowed is determined by reference to the parties' arbitration agreement. Defs. Br. 2-3. As Defendants have contended since the beginning of this litigation, and as the Seventh Circuit has confirmed, the arbitration agreement in this case requires that "all disputes…arising from or relating to [the

1

loan agreement]…, including…the obligations and scope of the arbitration clause, shall be resolved by binding arbitration." Defs. Br. Ex. A at p. 3, ¶ 17. Nonetheless, after successfully removing this case from the District Court's jurisdiction, the Defendants now seek to have the Court resolve a question that arises out of the arbitration agreement. This plainly conflicts both with Defendants' position in this litigation thus far, with the decision above, and with other Seventh Circuit precedent. The Court must refuse Defendants' request.

The Seventh Circuit has repeatedly held that procedural issues such as whether class arbitration is permitted are to be resolved by an arbitrator. *Blue Cross Blue Shield of Mass. v. BCS Ins. Co.*, 671 F.3d 635, 638-39 (7th Cir. 2011) (reaffirming the holding of *Employers Ins. Co. of Wausau v. Century Indem. Co.*, 443 F.3d 573, 581 (7th Cir. 2006)). As the court noted in *Blue Cross*, the case cited by Defendants, *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 559 U.S. 662 (2010), "does not hold otherwise." 671 F.3d at 638-39. On the contrary, in *Stolt-Nielsen* the Court expressly left open the question of whether an arbitrator must rule on the propriety of class arbitration. 559 U.S. at 680; *see also Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2068 n.2 (2013). But faced with contract language almost identical to the language at issue in this case, a plurality of the Supreme Court *has* stated that "[u]nder the terms of the parties' contract[ ], the question—whether the agreement forbids class arbitration—is for the arbitrator to decide." *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 451-52 (2003). While recognizing that it is not bound by the plurality in *Bazzle*, the Seventh Circuit endorsed that reasoning both before and after *Stolt-Nielsen*. *See Blue Cross*, 671 F.3d at 638-39; *Wausau*, 443 F.3d at 581. And although *Blue Cross* and *Wausau* addressed the availability of "consolidated arbitration" rather than "class arbitration," the Seventh Circuit in *Blue Cross* noted that the applicable analysis was the same. 671 F.3d at 639.

2

In short, besides appointing an arbitrator, the Court should decline to consider how the arbitration should proceed entirely. As the Seventh Circuit stated succinctly in *Blue Cross*, "The only question that a court should address before arbitration starts is whether the parties have agreed to arbitrate at all." *Id.* The question has already been answered in this case. Thus, the only thing left for the Court to do is appoint an arbitrator under § 5 of the Federal Arbitration Act.

## II. Plaintiff proposes to submit a list of reputable arbitrators to assist the Court.

This matter arose in the first place because the defendants put in place an arbitration agency that not only had a reputation for corruption, but had removed itself from the business of arbitration three years before Plaintiff Green signed the arbitration agreement. The parties would not be before the Court but for the negligence and bad faith of the Defendants in selecting a disreputable and effectively defunct arbitrator in this matter. Under these circumstances, it is fair and equitable – and well within the Court's discretion under Section 5 of the Federal Arbitration Act – to allow plaintiff Green to have her turn at suggesting a list of appropriate arbitrators for the claims at issue here. In contrast to the defendant's attempt to force an unethical arbitration agency on an unsuspecting consumer, plaintiff Green intends to submit a list of five to ten names of local area arbitrators who have a reputation for honesty and integrity. Accordingly, with the permission of the Court, plaintiff will submit such names to the Court and to Defendants for review. Plaintiff recognizes that the Court is and should be free to appoint any arbitrator at all, including any arbitrator outside of this list, and does not propose the list to limit in any manner the discretion of the Court.

### Conclusion

For these reasons, the Court should grant Defendants' motion to compel arbitration and stay proceedings, but should deny Defendants' request that the Court resolve the question of whether class arbitration is available.

Dated: October 11, 2013                          Respectfully submitted,

                                                  ___/s/ Sean Morales-Doyle_____
                                                  One of Plaintiff's Attorneys

Thomas H. Geoghegan
Michael P. Persoon
Sean Morales-Doyle
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511